UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SCHLENKER, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil No. 09-cv-04297-JD<br>) |
| IMMUCOR, INC., EDWARD L. GALLUP, GIOACCHINO DE CHIRICO, RICHARD A. FLYNT, PATRICK D. WADDY, RALPH A. EATZ, ROSWELL S. BOWERS, JOHN A. HARRIS, JOSEPH E. ROSEN, MICHAEL S. GOLDMAN, JACK GOLDSTEIN, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
BERNARD P. WIEST, JR. FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF CHOICE OF LEAD COUNSEL**

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court is a class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired the securities of Immucor, Inc. ("Immucor" or the "Company") between October 19, 2005 and April 23, 2009, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

In accordance with the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4, and for the reasons set forth below, Bernard P. Wiest, Jr. ("Wiest" or "Movant"), respectfully moves this Court for an Order appointing him Lead Plaintiff on behalf of himself and all others similarly situated who purchased or otherwise acquired Immucor securities during the Class Period and incurred damages as a result of the Defendants' alleged violations of the federal securities laws.[1]  This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA.  In this regard, Movant has suffered losses of $167,087.98 in connection with his investment in Immucor.[2]  *See*, Felderman Decl. Exs. B, C.[3]  To Movant's knowledge, these losses exceed those of any other plaintiff or group of plaintiffs in this Action.  Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed Lead Plaintiff because he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Movant also satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of those of the putative class, and he will fairly and adequately represent the interests of the class.

---

[1] In addition to the instant action, at least two complaints with substantially similar facts and claims against substantially similar parties as those alleged in this case have been filed in the United States District Court for the Northern District of Georgia.  *See City of Pontiac General Employees' Retirement System v. Immucor, Inc.*, 09-2351-TWT (N.D. Ga.); *MacIntyre v. Immucor, Inc.*, 09-2714-TWT (N.D. Ga.).  Movant Bernard P. Wiest, Jr. believes that his claims are properly litigated in this Court, and thus, files his Motion here.  To preserve his rights, however, Movant has also filed a Notice of Motion in the Northern District of Georgia cases alerting that court of the instant Motion.

[2] The losses suffered by Movant, as detailed herein, may not be the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation.  However, the approximate recoverable damages can be determined from the executed certifications required under Section 21D of the Exchange Act and based upon reference to the market decline in Immucor common stock.

[3] References to "Felderman Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of David Felderman in Support of Motion of Bernard P. Wiest, Jr. For Appointment as Lead Plaintiff and Approval of Choice of Co-Lead Counsel, submitted herewith.

Movant is represented by Shalov Stone Bonner & Rocco LLP and Spector Roseman Kodroff & Willis, P.C., who seek approval as Co-Lead Counsel for Movant and the putative class. They respectfully submit, as discussed herein, that they are eminently qualified to prosecute securities fraud claims such as the ones asserted in this Action.

## II.     FACTUAL BACKGROUND

Immucor engages in the development, manufacture, and sale of various blood reagents. Its products are used primarily by hospitals, clinical laboratories, and blood banks in various tests that are performed to detect and identify certain properties of the cell and serum components of human blood before blood transfusions.

Beginning on or about August 27, 2009, class action lawsuits have been filed in this Court, as well as in the United States District Court for the Northern District of Georgia, on behalf of purchasers of Immucor against the Company and several of its officers and directors. These suits allege that in various public statements, including filings with the Securities and Exchange Commission ("SEC"), the Defendants deliberately deceived investors by concealing certain material information including, but not limited to, the fact that: (1) the Company had engaged in unlawful and anticompetitive business practices with its competitors, including agreeing to fix, raise, maintain, and stabilize prices for blood reagents and related medical equipment, and (2) such unlawful business practices had caused Immucor's reported revenues to be significantly increased, which rendered its financial statements false and misleading.

On April 24, 2009, the Company shocked investors when it announced that it had received a grand jury subpoena from the United States Department of Justice, Antitrust Division ("DOJ") requesting documents from September 1, 2000 through the present

regarding an investigation into potential violations of the federal criminal antitrust laws in the blood reagents industry. Articles in the press, including on *Bloomberg* on April 24, 2009, provided additional detail as to Immucor's raising of prices after acquiring three large companies and after Ortho-Clinical Diagnostics, Inc. ("Ortho-Clinical"), Immucor's foremost competitor in the blood reagents industry, also increased prices. Shortly thereafter, Ortho-Clinical received a similar grand jury subpoena from the DOJ that also requested documents from the same time period and concerning the same investigation into anticompetitive conduct in the blood reagents industry. The DOJ investigation follows a Federal Trade Commission ("FTC") investigation of the Company that began in or about October 2007, and which focused on whether Immucor violated the federal antitrust laws through three acquisitions that it made between 1996 and 1999, and whether the Company had engaged in unfair methods of competition by restricting price competition.

Upon the release of the news that the DOJ was investigating Immucor and the blood reagents industry, and that Immucor had received the grand jury subpoena related to the investigation, the Company's shares fell $5.63 per share, or almost 27%, to close at $15.35 per share on April 24, 2009, to the substantial harm of Movant and all members of the Class.

Moreover, as this Court is well aware, in August of this year, the Judicial Panel on Multidistrict Litigation transferred to this Court for consolidated pretrial proceedings numerous lawsuits alleging violations of federal antitrust laws and arising out of the anticompetitive pricing conduct that is alleged to have contributed to the harm suffered by investors in the instant action. *See In re Blood Reagents Antitrust Litigation*, MDL No. 2081. Immucor has been named as a defendant in those lawsuits. In light of the pendency of the antitrust proceedings here, Movant

respectfully submits that judicial efficiency is best served by litigating the claims at bar in this Court, as opposed to in the Northern District of Georgia. That, among other reasons, is why Movant has filed his Motion in this Court.

### III. ARGUMENT

As set forth in detail below, Movant believes he is the most adequate plaintiff and, therefore, this Court should appoint him to serve as Lead Plaintiff and approve his selection of Co-Lead Counsel.

#### A. Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff

##### 1. Movant Is Presumptively the Most Adequate Plaintiff

The PSLRA sets forth a detailed procedure for the appointment of a Lead Plaintiff in a class action lawsuit brought under the Exchange Act. 15 U.S.C. § 78u-4(a). *See also, Montoya v. Herley Indus. Inc.*, 2006 WL 3337485, *1 (E.D. Pa. Nov. 14, 2006).

First, the PSLRA provides that within twenty (20) days after the date on which a class action is filed, a plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted therein, and the purported class period; and that, not later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). In this case, notice was first published on *Business Wire* on August 27, 2009. *See,* Felderman Decl. Ex. A. As such, this motion is timely filed.

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 US. C. §78u-4(a)(3)(B). Specifically, the PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that *the court determines to be most capable of adequately representing the interests of class members* (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who: (a) filed the Complaint or made a motion to serve as lead plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also, Montoya*, 2006 WL 3337485 at *1. This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant here satisfies each of these requirements. First, Movant filed a timely motion seeking to serve as Lead Plaintiff. Second, during the Class Period, Movant suffered substantial losses of $167,087.98 and believes he has the largest financial interest in the relief sought by the Class. *See* Felderman Decl. Exs. B, C. Third, as set forth below, Movant satisfies the requirements of Rule 23 of the Federal Rule of Civil Procedure. Therefore, Movant respectfully requests that he be appointed Lead Plaintiff.

2.     Movant Satisfies The Requirements of Rule 23

In addition to requiring that the Lead Plaintiff have the largest financial interest, the PSLRA requires that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). With respect to the claims of the class representative, Rule 23(a) requires that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) such claims are typical of those of the class; and (d) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). However, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 412 (D.N.J. 1998). In this regard, "[t]ypicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiffs under the PSLRA." *Id.* at 416, n.15. *Accord, In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry ... should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy."); *In re Vicuron Pharmaceuticals, Inc., Sec. Litig.*, 233 F.R.D. 421, 427 (E.D.Pa. 2006).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In other words, it is satisfied when the named plaintiff: (a) has suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) their claims are based on the same legal issues. *Roth v. Knight Trading Group, Inc.*, 228 F.Supp.2d 524, 529 (D.N.J. 2002) (citing *Weiss v. York Hospital*, 745 F.2d 786,

809 n. 36 (3d Cir. 1984)). As one court noted, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.*, 184 F.R.D. 556, 563 (E.D. Va. 1999).

The typicality requirement is plainly satisfied in this case, where Movant seeks the same relief and advances the same legal theories as other class members. Movant's claims arise out of the Defendants' alleged violations of the Securities Exchange Act, as do the claims of all members of the Class. Movant, as did all members of the Class, acquired Immucor securities at prices artificially inflated by the Defendants' misrepresentations and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when: "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citation omitted).

Movant is an adequate representative for the class. There is no antagonism between Movant's interests and those of the Class. Indeed, the interests of Movant and absent class member investors are squarely aligned. Moreover, Movant has retained counsel highly

experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted his selection to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Furthermore, Movant suffered a substantial loss in the form of the diminution of value in the price of Immucor stock. As such, Movant has a sufficient interest in the outcome of the case to ensure vigorous prosecution of the action. Accordingly, Movant satisfies the adequacy requirement.

        B.        **The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class." *In re American Bus. Fin. Servs., Inc. Sec. Litig.*, No. 04-0265, 2004 WL 1221353, *2 (E.D.Pa. June 3, 2004) (citation omitted); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also, Montoya*, 2006 WL 3337485 at *3; *In re American Bus. Fin. Servs., Inc. Noteholders Litig.*, 2005 WL 724088, *2 (E.D.Pa. March 29, 2005).

Movant has selected the law firms of Shalov Stone Bonner & Rocco LLP and Spector Roseman Kodroff & Willis, P.C. to serve as Co-Lead Counsel. As detailed in their firm resumes, Shalov Stone Bonner & Rocco LLP and Spector Roseman Kodroff & Willis, P.C. both have extensive expertise and experience in the field of securities litigation. *See*, Felderman Decl. Exs. D, E. The firms have successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

IV. **CONCLUSION**

In light of the foregoing, Movant respectfully requests that the Court: (a) appoint Bernard P. Wiest, Jr. as Lead Plaintiff; and (b) approve Movant's selection of Shalov Stone Bonner & Rocco LLP and Spector Roseman Kodroff & Willis, P.C. as Co-Lead Counsel; and (c) grant such other relief as the Court may deem to be just and proper.

Dated: October 26, 2009                     Respectfully submitted,

                                       s/ Robert M. Roseman
                                       Robert M. Roseman
                                       Andrew D. Abramowitz
                                       David Felderman
                                       **SPECTOR, ROSEMAN KODROFF,**
                                       **& WILLIS, P.C.**
                                       1818 Market Street, Suite 2500
                                       Philadelphia, PA 19103
                                       Telephone: (215) 496-0300
                                       Facsimile: (215) 496-6612

                                       **SHALOV STONE BONNER & ROCCO LLP**
                                       Ralph M. Stone
                                       485 Seventh Avenue, Suite 1000
                                       New York, NY 10018
                                       Telephone: (212) 239-4340
                                       Fax: (212) 239-4310

                                       *Counsel for Movant Bernard P. Wiest, Jr. and Proposed*
                                       *Co-Lead Counsel for the Class*