UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>IMMUCOR, INC., et al.,<br><br>                  Defendants. | Civil Action No. 1:09-cv-02351-TWT<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF NATIONAL ROOFING INDUSTRY PENSION PLAN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL |

[Caption continued on following page.]

|  |  |
|---|---|
| LARRY MACINTYRE, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:09-cv-02714-TWT |
| : | |
| : | CLASS ACTION |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| IMMUCOR, INC., et al., : | |
| : | |
| Defendants. : | |

## TABLE OF AUTHORITIES

Page

I.   INTRODUCTION ...........................................................................................1

II.  STATEMENT OF FACTS ...........................................................................3

III. ARGUMENT..................................................................................................4

    A.   The Related Actions Should Be Consolidated for All Purposes...........4

    B.   The Pension Plan Should Be Appointed Lead Plaintiff........................5

        1.   This Motion Is Timely ...............................................................6

        2.   The Pension Plan Has the Largest Financial Interest in
            the Relief Sought by the Class...................................................6

        3.   The Pension Plan Otherwise Satisfies Rule 23 of the
            Federal Rules of Civil Procedure...............................................7

    C.   The Court Should Approve the Pension Plan's Selection of
        Coughlin Stoia as Lead Counsel ...........................................................9

IV.  CONCLUSION............................................................................................10

The National Roofing Industry Pension Plan ("Pension Plan") respectfully submits this memorandum of law in support of its motion for: (i) consolidation pursuant to Rule 42 of the Federal Rules of Civil Procedure; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel for the class.

## I.     INTRODUCTION

Presently pending in this district are two related class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased the publicly traded securities of Immucor, Inc. ("Immucor" or the "Company") between October 19, 2005 and April 23, 2009 (the "Class Period"), who were damaged thereby: *City of Pontiac Gen. Employees' Ret. Sys. v. Immucor, Inc.*, No. 09-cv-2351; and *MacIntyre v. Immucor, Inc.*, No. 09-cv-2714.[1]  These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §§78j(b) and 78t(a).

---

[1] A third action, *Schlenker v. Immucor, Inc.*, No. 09-cv-4297, is pending in the U.S. District Court for the Eastern District of Pennsylvania.  The Pension Plan will be filing a motion for appointment as lead plaintiff in the *Schlenker* action as well.

- 1 -

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because each involves substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidation, the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23. *See generally Plymouth County Ret. Sys. v. Carter's, Inc.*, 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. 2009). The Pension Plan should be appointed as lead plaintiff because it: (1) timely filed a motion for appointment as lead plaintiff; (2) has the largest financial interest in the relief sought by the class of any person or groups of persons of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Indeed, as an institutional investor, the Pension Plan is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class. *Carter's*, 2009 U.S. Dist. LEXIS 20582, at *3 (noting that the PSLRA "as a whole, favors institutional investors with large amounts at stake"). Similarly, the Pension Plan's selection of Coughlin Stoia to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in

the prosecution of securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   STATEMENT OF FACTS

Immucor develops, manufactures and sells a complete line of reagents and automated systems used primarily by hospitals, clinical laboratories and blood banks in a number of tests performed to detect and identify certain properties of the cell and serum components of human blood prior to blood transfusion.

During the Class Period, defendants materially misrepresented the Company's business operations and failed to disclose material adverse facts about the Company's financial well-being and its business relationships and prospects. Specifically, defendants failed to disclose that Immucor was operating in violation of the federal antitrust laws of the United States. At the end of the Class Period, on April 24, 2009, the Company issued a press release announcing that Immucor received a subpoena from the United States Department of Justice, Antitrust Division, requesting documents for the period beginning September 1, 2000 through the present, pertaining to an investigation of possible violations of the federal criminal antitrust laws in the blood reagents industry. As a result of this disclosure, Immucor's closing stock price dropped from $20.98 on April 23, 2009 to $15.35 the next trading day. This decrease

in Immucor's stock price was a result of the artificial inflation caused by defendants' misleading statements coming out of the stock price.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, plaintiff and the other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated for All Purposes

"When actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . ." Fed. R. Civ. P. 42(a). Here, the Related Actions assert 1934 Act claims against defendants on behalf of purchasers of Immucor's Securities during the Class Period. Each of the Related Actions name the Company and certain of its officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased Immucor securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5. Thus, the Related Actions should be consolidated.

### B.   The Pension Plan Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. *Id.*; LR 23.1C.(4)(a)(i). Here, notice was published on August 27, 2009, in *Business Wire*. *See* Declaration of John C. Herman in Support of the Pension Plan's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Herman Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Plan meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from August 27, 2009, or October 26, 2009. *See* Herman Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). The Pension Plan, therefore, has timely filed its motion. *Id*. In addition, the Pension Plan has submitted a sworn certification confirming its willingness and ability to serve as lead plaintiff. *See* Herman Decl., Ex. B. Thus, the Pension Plan has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Plan Has the Largest Financial Interest in the Relief Sought by the Class

The Pension Plan suffered more than $452,000 in losses due to defendants' misconduct. *See* Herman Decl., Exs. B-C. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Pension Plan satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Plan Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Because the "manifest intent of the PSLRA is to determine the plaintiff most capable of pursuing the action and representing the interest of the class," courts generally "need only explore the portions of Rule 23 dealing with the qualities of the class representative, typicality and adequacy" at this stage. *Carter's*, 2009 U.S. Dist. LEXIS 20582, at *6.

The adequacy and typicality requirements "'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (citation omitted). "Under Rule 23, typicality is present when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members." *Carter's*, 2009 U.S. Dist. LEXIS 20582, at *6. "Under Rule 23, a representative may be inadequate to protect the interests of the class if the representative is incapable of

'putting up a real fight,' has unqualified, inexperienced, or incapable counsel, or has interests antagonistic to the rest of the class." *Id.* at *7.

The Pension Plan "is exactly the type of large institutional investor contemplated by the PSLRA." *Id.* The Pension Plan has "timely moved this court to be appointed as lead [plaintiff]." *Id.* The Pension Plan suffered losses in excess of $452,000, which, to the Pension Plan's knowledge represents "the largest financial interest in the relief sought of all class members who have appeared thus far in the instant action." *Id.* at *7-*8. The Pension Plan's claims are typical of other class members because the Pension Plan purchased Immucor securities during the Class Period and suffered damages therefrom. The Pension Plan can "adequately represent a class of investors because it has no interests that conflict with other class members and it has the experience and resources to vigorously pursue the claims of the class." *Id.* at *8. Finally, as explained below, the Pension Plan's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

As such, the Pension Plan satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### C. The Court Should Approve the Pension Plan's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension Plan has selected Coughlin Stoia to serve as lead counsel. The Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia. *See* Herman Decl., Exs. D-E; *see, e.g., In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) ("The experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country."). Accordingly, the Pension Plan's selection of counsel should be approved.

## IV. CONCLUSION

The Pension Plan filed a timely motion, has the largest financial interest of any class member it is aware of, otherwise satisfies Rule 23 for the purposes of this Motion and selected qualified counsel to serve as lead counsel. Accordingly, the Pension Plan's motion for consolidation, appointment as lead plaintiff and approval of its selection of lead counsel should be granted.

DATED: October 26, 2009        Respectfully submitted,

                                                COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
                                                JOHN C. HERMAN
                                                Georgia Bar No. 348370
                                                RYAN K. WALSH
                                                Georgia Bar No. 735190

                                                       s/ JOHN C. HERMAN
                                                         JOHN C. HERMAN

                                                Monarch Centre, Suite 1650
                                                3424 Peachtree Road, N.E.
                                                Atlanta, GA  30326
                                                Telephone:  404/504-6500
                                                404/504-6501 (fax)

        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        PAUL J. GELLER
        JACK REISE
        120 East Palmetto Park Road, Suite 500
        Boca Raton, FL  33432
        Telephone:  561/750-3000
        561/750-3364 (fax)

        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        DANIELLE S. MYERS
        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)

        [Proposed] Lead Counsel for Plaintiffs

Document1

## Local Rule 7.1D Certification

Counsel for proposed lead plaintiff hereby certifies that the text of this pleading has been prepared with Times New Roman 14, one of the fonts and point selections approved by the Court in LR 5.1B.

                                             s/ JOHN C. HERMAN
                                             JOHN C. HERMAN

**Local Rule 23.1C(4)(c) Certification**

John C. Herman, counsel for the Pension Plan, hereby certifies pursuant to LR 23.1(C)(4)(c) that Coughlin Stoia Geller Rudman & Robbins LLP:

1. Has not issued or caused to be issued more than one (1) notice to putative class members (except as authorized by LR 23.1(C)(4)(a)(iii));

2. Has complied with the Local Rules of this Court; and

3. Has complied with applicable State Bar of Georgia ethical rules.

s/ JOHN C. HERMAN
JOHN C. HERMAN

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Martin D. Chitwood
Robert W. Killorin
James M. Wilson, Jr.
Chitwood Harley Harnes LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA  30309

Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516

Patrick V. Dahlstrom
Pomerantz Haudek Grossman & Gross LLP
One North LaSalle Street, Suite 2225
Chicago, IL  60602-3908

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 26, 2009.

                                                s/ JOHN C. HERMAN
                                                JOHN C. HERMAN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)

E-mail: jherman@csgrr.com

# Mailing Information for a Case 1:09-cv-02351-TWT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Drew David Dropkin**
  drew.dropkin@sablaw.com

- **John Howard Fleming**
  john.fleming@sutherland.com,betz.handmaker@sutherland.com

- **Paul J. Geller**
  pgeller@csgrr.com,e_file_fl@csgrr.com

- **Patricia Anne Gorham**
  patricia.gorham@sutherland.com,patty.adkinson@sutherland.com

- **John C. Herman**
  jherman@csgrr.com,garmstrong@csgrr.com,e_file_sd@csgrr.com

- **Ryan K. Walsh**
  rwalsh@csgrr.com,jherman@csgrr.com,pjones@csgrr.com,garmstrong@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Danielle S. Myers
Coughlin Stoia Geller Rudman & Robbins, LLP-SD
655 W. Broadway
Suite 1900
San Diego, CA 92101
```