# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:09-cv-2351-TWT |
| Plaintiff, | (ECF Case) |
| v. | Hon. Thomas W. Thrash, Jr. |
| IMMUCOR, INC., GIOACCHINO DE CHIRICO, JOSEPH E. ROSEN, EDWARD L. GALLUP, RICHARD A. FLYNT, PATRICK D. WADDY, RALPH A. EATZ, ROSWELL S. BOWERS, JOHN A. HARRIS and DIDIER L. LANSON, | |
| Defendants. | |

*(Additional caption on following page)*

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF AMALGAMATED BANK, AS TRUSTEE FOR THE LONGVIEW MIDCAP 400 INDEX FUND, LONGVIEW QUANTITATIVE LARGECAP FUND, AND LONGVIEW QUANTITATIVE MIDCAP FUND, FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

LARRY MACINTYRE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

IMMUCOR, INC., GIOACCHINO DE CHIRICO, JOSEPH E. ROSEN, EDWARD L. GALLUP, RICHARD A. FLYNT, PATRICK D. WADDY, RALPH A. EATZ, ROSWELL S. BOWERS, JOHN A. HARRIS, DIDIER L. LANSON, MICHAEL GOLDMAN, and JACK GOLDSTEIN,

Defendants.

Case No. 1:09-cv-2714-TWT

(ECF Case)

Hon. Thomas W. Thrash, Jr.

# INTRODUCTION

Pursuant to Section 21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, Amalgamated Bank, as Trustee for the LongView Midcap 400 Index Fund, LongView Quantitative Largecap Fund, and LongView Quantitative Midcap Fund ("Amalgamated"), respectfully moves this Court for an order: (i) consolidating the above-captioned, related securities fraud actions (collectively, the "Action") against Immucor, Inc. ("Immucor" or the "Company");[1] (ii) appointing Amalgamated as the Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired Immucor securities between October 19, 2005 and April 23, 2009, inclusive (the "Class Period"); (iii) approving its selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel and Chitwood Harley Harnes LLP ("Chitwood Harley") as Local Counsel; and (iv) granting such other relief as the Court may deem just and proper.

For the reasons set forth below, Amalgamated is the most adequate plaintiff, and hence the presumptive lead plaintiff, in the Action. Amalgamated suffered losses of $582,606 during the Class Period. *See* Certification & Loss Analysis,

---

[1]  One other related action is pending in the Eastern District of Pennsylvania, styled *Schlenker v. Immucor, Inc.*, No. 2:09-cv-04297-JD (E.D. Pa. Sept. 21, 2009). The action involves similar claims and allegations, with overlapping defendants, as in the actions pending in this Court. As such, the Court should defer ruling on the motions until venue is decided.

Ellman Decl. Exs. A-B.[2]  To the best of Amalgamated's knowledge, its loss is the

greatest loss sustained by any Class member presently before the Court in the

Action.  In addition, Amalgamated satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure because its claims are typical of the claims of the

Class and it will fairly and adequately represent the interests of the Class.  Its

proposed Lead Counsel, Labaton Sucharow, has successfully litigated securities

class actions for four decades, and its proposed Local Counsel, Chitwood Harley,

has considerable experience litigating in this District, and Amalgamated's selection

of counsel should therefore be approved.

## FACTUAL BACKGROUND

Immucor develops, manufactures, and sells a complete line of reagents and

automated systems used primarily by hospitals, clinical laboratories, and blood

banks in a number of tests performed to detect and identify certain properties of the

cell and serum components of human blood prior to blood transfusion.  During the

Class Period, Defendants materially misrepresented the Company's business

operations and failed to disclose that Immucor was operating in violation of the

federal antitrust laws of the United States.  On April 24, 2009, the Company

---

[2] References to the "Ellman Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Alan I. Ellman dated October 26, 2009 and submitted herewith.

announced that it had received a grand jury subpoena from the Antitrust Division

of the United States Department of Justice requesting documents from September

1, 2000 through the present in connection with an investigation into potential

violations of the federal criminal antitrust laws in the blood reagents industry.

        As a result of this announcement, Immucor's stock price dropped nearly 27

percent, from a close of $20.98 on April 23, 2009 to a close of $5.35 the next

trading day.  This decrease in the Company's stock price was a result of the

artificial inflation caused by Defendants' prior misleading statements.

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

        Consolidation pursuant to Rule 42(a) of the Federal Rules of Procedure

("Rule 42(a)") is proper when actions involve common questions of law and fact.

Fed. R. Civ. P. 42(a); *see Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir.

1990).  The Court has broad discretion under this Rule to consolidate cases

pending within its District.  *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765

(11th Cir. 1995).  Courts recognize that class action shareholder suits are ideally

suited for consolidation because their unification expedites proceedings, reduces

duplication, and minimizes the expenditure of time and money by all concerned.

*See Johnson*, 899 F.2d at 1285.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each is based on the same wrongful course of conduct and names the same defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II.    AMALGAMATED SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Legal Requirements Under the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff who filed the first action caused a notice regarding the pendency of this Action to be published on *BusinessWire*, a national, business-oriented newswire service, on August 27, 2009. *See* Notice, Ellman Decl. Ex. C. Within 60 days

4

after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B). This notice indicated that applications for appointment as lead plaintiff were to be made no later than October 26, 2009.

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that --
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Newman v. Eagle Bldg. Techs.,* 209 F.R.D. 499, 502 (S.D. Fla. 2002).

**B.    Amalgamated Satisfies the Lead Plaintiff
Requirements of the PSLRA and Should be Appointed**

**1.    Amalgamated Has Complied With the
PSLRA and Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed lead

plaintiff in this Action under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on

October 26, 2009.  Pursuant to the provisions of the PSLRA, Amalgamated timely

moves this Court to be appointed Lead Plaintiff on behalf of all members of the

Class.

Amalgamated has duly signed and filed a Certification stating that it is

willing to serve as a representative party on behalf of the Class.  *See* Certification,

Ellman Decl. Ex. A.  In addition, Amalgamated selected Labaton Sucharow as

proposed Lead Counsel and Chitwood Harley as Local Counsel.  *See* Firm

Resumes, Ellman Decl. Exs. D-E.  Accordingly, Amalgamated has satisfied the

individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its

application for appointment as Lead Plaintiff and selection of Lead Counsel and

Local Counsel considered and approved by the Court.

**2.    Amalgamated Has the Largest Financial
Interest in the Relief Sought by the Class**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the statutory presumption is

that the "most adequate plaintiff" is the class member who "has the largest

6

financial interest in the relief sought by the class" that also satisfies the applicable

requirements of Rule 23.  As illustrated in the loss calculation submitted with its

motion, Amalgamated suffered a loss of approximately $582,606 on its

investments in Immucor.  *See* Loss Analysis, Ellman Decl., Ex. B.  Accordingly,

Amalgamated believes that it has the largest financial interest of any lead plaintiff

movant before the Court and, thus, should be appointed Lead Plaintiff.

### 3.     Amalgamated Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the

litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule

23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative only if the

following four requirements are satisfied: (1) the class is so numerous that joinder

of all members is impracticable; (2) there are questions of law or fact common to

the class; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and (4) the representative parties will fairly and

adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and

adequacy—directly address the personal characteristics of the class representative.

Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit

its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

examination of the remaining requirements until the lead plaintiff moves for class

certification.  *See Fischler v. AMSouth Bancorp.,* No. 96-cv-1567, 1997 WL

118429, at *2 (M.D. Fla. Feb. 6, 1997); *Lax v. First Merchs. Acceptance Corp.*,

No. 97-C-9715, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997).  Amalgamated

satisfies both the typicality and adequacy requirements of Rule 23, thereby

justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties

must be typical of those of the class.  Typicality exists when the plaintiff's claims

arise from the same series of events and are based on the same legal theories as the

claims of all the class members.  *See Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d

718, 722-25 (11th Cir. 1987); *Kennedy v. Tallant,* 710 F.2d 711, 717 (11th Cir.

1983); *Foderaro v. Partsbase.com, Inc.,* No. 01-cv-8319, 2001 WL 34092703, at

*2 (S.D. Fla. June 25, 2001).  Typicality does not require that there be no factual

differences between the class representative and the class members because it is

the generalized nature of the claims asserted that determines whether the class

representatives are typical.  *See Phillips v. Joint Legislative Comm. on*

*Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981); *Sofran*

*v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of

factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact."). The requirement that the proposed class representative's claims be typical of the claims of the class does not mean that the claims must be identical. *See Phillips,* 637 F.2d at 1024.

Amalgamated satisfies this requirement because, just like all other Class members, it: (1) purchased Immucor shares during the Class Period; (2) purchased Immucor shares in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages when the truth was disclosed to the market. Thus, Amalgamated's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." *See Kirkpatrick,* 827 F.2d at 726. The PSLRA directs the Court to limit its inquiry regarding adequacy to the existence of any conflicts between the interests of proposed lead plaintiffs and the members of the Class. The Court must evaluate adequacy of representation by considering: (1) whether the class representative's claims conflict with those of the class, and (2) whether class counsel is qualified, experienced, and generally able to

conduct the litigation.  *See id.* at 726; *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 800 (3d Cir. 1995).

Amalgamated is an adequate representative of the Class.  Amalgamated purchased Immucor shares at prices allegedly artificially inflated by Defendants' materially false and misleading statements, its interests are clearly aligned with members of the Class, and there is no evidence of any antagonism between Amalgamated's interests and those of the other members of the Class.  Further, Amalgamated has taken significant steps that demonstrate it will protect the interests of the Class, including executing a Certification and retaining competent and experienced counsel.  In addition, as shown below, Amalgamated's proposed counsel are highly qualified, experienced, and able to conduct this complex litigation vigorously and in a professional manner.  Thus, Amalgamated satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### 4. Amalgamated is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, Amalgamated is precisely the type of large, sophisticated institutional investor—the prototypical lead plaintiff—envisioned by the framers of the PSLRA.  As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood

that institutional investors will serve as lead plaintiff," in part, because

"[i]nstitutional investors and other class members with large amounts at stake will

represent the interests of the plaintiff class more effectively than class members

with small amounts at stake."  H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in*

1995 U.S.C.C.A.N. 730, 733.

Amalgamated is a sophisticated institutional investor with vast resources

sufficient to adequately litigate this Action and supervise Class counsel.  *See In re*

*Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative

intent behind enacting the PSLRA was to encourage large institutional investors to

serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.,*

No. 05-cv-04617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y Jan. 25, 2006) (same).

Amalgamated Bank is a New York State chartered, FDIC-insured, commercial

bank that was established in 1923 by the Amalgamated Clothing Workers of

America and remains the only union-owned bank in the United States.

Amalgamated Bank, through its Trust Committee, serves as Trustee to the

LongView Midcap 400 Index Fund, LongView Quantitative Largecap Fund and

LongView Quantitative Midcap Fund, among other collective funds (the

"LongView Funds" or "Funds").  Pursuant to the Funds' governing documents (the

"Plans"), title to the Funds' assets are fully vested in Amalgamated as Trustee and

all of the Funds' assets are deemed to be held by Amalgamated in a fiduciary capacity. The Plans fully vest in Amalgamated representation of the Funds in judicial proceedings for all purposes. *See* Decl. of Thomas B. O'Donnell at ¶ 5, submitted herewith.

Amalgamated invests workers' retirement savings and other employee benefits through its LongView Funds, which invest in equity and fixed income. As of August 30, 2009, the LongView Funds had approximately $9.3 billion in assets under management. *See id.* at ¶ 4. Through the LongView Funds, Amalgamated has pursued a program of vigorous and aggressive shareholder activism that seeks to enhance shareholder value by effecting corporate governance reforms at portfolio companies such as Immucor. *See id.* Amalgamated encourages corporate boards to pursue sound governance policies, hold portfolio companies to high standards of social and environmental practices, and promote, among other things, measures addressing the sufficiency of corporate executive compensation, workplace practices, and equal opportunity issues. This investment philosophy is driven by the belief that corporate transparency and accountability ultimately support stable markets, which are crucial for viable economic growth and the long-term returns of the Funds. *Id.*

Furthermore, the selection of Amalgamated will promote the efficient prosecution of this Action in the best interests of the Class and comports with the guidelines this Court is to consider under Local Civil Rule 23.1 which provides:

> [T]he court will consider, among other relevant factors, the following:
>
>> (i) the proposed lead plaintiff's financial loss, recognizing that the presumption that the person with the largest financial interest in the relief sought is the most adequate lead plaintiff is rebuttable;
>>
>> (ii) whether the proposed lead plaintiff's counsel has complied with the Local Rules of this Court;
>>
>> (iii) whether the proposed lead plaintiff's counsel promotes the efficient conduct of the litigation; and
>>
>> (iv) the relevant experience of the proposed lead plaintiff's counsel.

L. Civ. R. 23.1(C)(4)(b).

Amalgamated, with losses of $582,606, has the largest known financial interest in the relief sought by the Class.  Amalgamated's counsel has complied with the Local Rules of this Court, promotes the efficient conduct of the litigation, and has the relevant experience to manage this litigation, as further discussed below and in the attached resumes.  *See* Firm Resumes, Ellman Decl. Exs. D-E.

## III.   THE COURT SHOULD APPROVE AMALGAMATED'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  *See Weiss*, 2006

13

WL 197036, at *5.  Labaton Sucharow, Amalgamated's proposed Lead Counsel, has had a leading role in numerous important actions on behalf of defrauded investors.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").  Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Countrywide, Bear Stearns, Fannie Mae, Royal Bank of Scotland, and others.  In *In re Monster Worldwide, Inc. Sec. Litig.*, No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation."  (*Id.,* Hrg. Tr. 24:25-25:1, June 14, 2007).

Amalgamated also has selected and retained Chitwood Harley, a well-respected complex litigation firm with offices in Atlanta, as plaintiff's Local Counsel for the Class.  *See* Chitwood Harley Firm Resume, Ellman Decl. Ex. E.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## <u>CONCLUSION</u>

For the foregoing reasons, Amalgamated respectfully requests that the Court: (i) consolidate the above-captioned actions; (ii) appoint Amalgamated as Lead Plaintiff in the Action; (iii) approve its selection of Labaton Sucharow as Lead Counsel and Chitwood Harley as Local Counsel; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  October 26, 2009                Respectfully submitted,

                                         _/s/ James M. Wilson_____
                                        Martin D. Chitwood
                                        James M. Wilson
                                        Gregory E. Keller
                                        Robert W. Killorin
                                        CHITWOOD HARLEY HARNES LLP
                                        1230 Peachtree St. NE
                                        2300 Promenade II
                                        Atlanta, Georgia  30309
                                        Telephone: (404) 873-3900
                                        Facsimile: (404) 876-4476

                                        *Proposed Local Counsel for the Class*

Thomas A. Dubbs
Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Amalgamated Bank, as Trustee for the LongView Midcap 400 Index Fund, LongView Quantitative Largecap Fund, and LongView Quantitative Midcap Fund, and Proposed Lead Counsel for the Class*

16

## Local Rule 7.1D Certification

Counsel hereby certifies that the text of this Pleading has been prepared with Times New Roman 14 point font, one of the fonts and point selections approved by the Court in Local Rule 5.1B.

    */s/ James M. Wilson*
Martin D. Chitwood
James M. Wilson
Gregory E. Keller
Robert W. Killorin
CHITWOOD HARLEY HARNES LLP
1230 Peachtree St. NE
2300 Promenade II
Atlanta, Georgia  30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

*Proposed Local Counsel for the Class*

Thomas A. Dubbs
Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Amalgamated Bank, as Trustee for the LongView Midcap 400 Index Fund, LongView Quantitative Largecap Fund, and LongView Quantitative Midcap Fund, and Proposed Lead Counsel for the Class*

17

## Local Rule 23.1(C)(4) Certification

James M. Wilson, Local Counsel for Amalgamated Bank, hereby certifies that pursuant to LR 23.1(C)(4)(c), Labaton Sucharow LLP and Chitwood Harley Harnes LLP:

    (i)    have not issued or caused to be issued more than one (1) notice to putative class members (except as authorized by LR 23.1(C)(4)(a)(iii));

    (ii)    have complied with the Local Rules of this Court; and

    (iii)    have complied with applicable State Bar of Georgia ethical rules.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge on this 26th day of October.

                                   */s/ James M. Wilson*
                                     Martin D. Chitwood
                                     James M. Wilson
                                     Gregory E. Keller
                                     Robert W. Killorin
                                     CHITWOOD HARLEY HARNES LLP
                                     1230 Peachtree St. NE
                                     2300 Promenade II
                                     Atlanta, Georgia  30309
                                     Telephone: (404) 873-3900
                                     Facsimile: (404) 876-4476

                                     *Proposed Local Counsel for the Class*

18

Thomas A. Dubbs
Christopher J. Keller
Alan I. Ellman
Stefanie J. Sundel
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Amalgamated Bank, as
Trustee for the LongView Midcap 400
Index Fund, LongView Quantitative
Largecap Fund, and LongView
Quantitative Midcap Fund, and
Proposed Lead Counsel for the Class*