UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br>      Plaintiff,<br>v.<br><br>IMMUCOR, INC., GIOACCHINO DE CHIRICO, JOSEPH E. ROSEN, EDWARD L. GALLUP, RTCHARD A. FLYNT, PATRICK D. WADDY, RALPH A. EATZ, ROS WELL S. BOWERS, JOHN A. HARRIS and DIDIER L. LANSON,<br>      Defendants. | Case No. 1:09-cv-2351-TWT<br><br>(ECF Case)<br><br>Hon. Thomas W. Thrash, Jr. |

**[PROPOSED] ORDER FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Having considered the motions of Colleges of Applied Arts and Technology Pension Plan ("CAAT"), Amalgamated Bank, and National Roofing Industry Pension Plan for consolidation of related actions, appointment as lead plaintiff, and approval of selection of counsel;

IT IS HEREBY ORDERED THAT:

The motion of CAAT is granted and the motions of the other lead plaintiff

1

movants are denied.

    I.    The Court adopts the "Lax Factors" as the appropriate methodology for determining the "largest financial interest in the relief sought by the Class." *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036 (N.D.Ill. Aug. 11, 1997), *Plymouth County Ret. Sys. v. Carter's, Inc., et al*, 2009 WL 692141 (N.D. Ga. Mar. 13, 2009). Applying the Lax Factors, the Court considers in determining the largest financial interest: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the Plaintiff during the class period; and (4) the approximate losses suffered by the Plaintiff. *See Lax*, 1997 WL 461036 at *5. While other cases suggest that the measure for largest financial interest is the damages equation provided in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(e)(1) (*e.g.*, *In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502 (S.D.N.Y. July 29, 2009); *In re Microstrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427 (E.D. Va. 2000)), this Court is persuaded that the Lax Factors are a preferable methodology for determining financial interest in a PSLRA case. For among other reasons, a damages analysis under the PSLRA damages formula would generally be premature at this early stage of litigation. The extent of damages in most securities cases can only be determined after extensive discovery and economic analysis. The PSLRA damages formula may well limit damages to an amount less than the financial interest of the shareholder

2

since the available damages:

> Shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the Plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. § 78u-4(e)(1). Other Courts have rejected the use of the PSLRA damages calculation to determine financial interest for lead plaintiff purposes. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.5 (S.D.N.Y. 2008); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 661 (D. Colo. 2000). In *Varghese*, the court reasoned that the PSLRA provision "addresses the PSLRA's limitation on damages, not the methodology for determining a proposed lead plaintiff's financial interest in the relief sought." *Varghese*, 589 F. Supp. 2d at 396 n. 5. The reasoning in *Varghese* is persuasive because if Congress had intended to employ a damages calculation in the lead plaintiff selection process it would have used the term "damages" in the relevant provision of the PSLRA instead of the term "financial interest."

Thus, the Court finds that CAAT has the largest financial interest.

II.    The Order shall apply to this action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this

3

Court and is consolidated with this action.

    III.    A Master File is established for this proceeding. The Master File shall be Civil Action No. 1:09-cv-2351-TWT. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

    IV.    An original of this Order shall be filed by the Clerk in the Master File.

    V.    The Clerk shall electronically serve a copy of this Order to counsel of record using the Court's CM/ECF system.

    VI.    Every pleading in this action shall have the following caption:

_____
IN RE IMMUCOR, INC.
<u>SECURITIES LITIGATION</u>    Civil Action No. 1:09-cv-2351-TWT

    VII.    The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this action.

    VIII.    When a case that arises out of the same subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    A.    File a copy of this Order in the separate file for such action;

    B.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed case; and

        C.      Make the appropriate entry in the Master Docket for this action.

    IX.      Each new case that arises out of the subject matter of this action which is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

    X.      CAAT is appointed to serve as Lead Plaintiff in this action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

    XI.     Kaplan Fox & Kilsheimer LLP is hereby approved as Lead Counsel for the Class and Carr & Palmer, LLP is hereby approved as Liaison Counsel:

        A.      To brief and argue motions;

        B.      To initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

        C.      To direct and coordinate the examination of witnesses in

depositions;

  D. To act as spokesperson at pretrial conferences;

  E. To call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

  F. To initiate and conduct any settlement negotiations with counsel for defendants;

  G. To provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

  H. To consult with and employ consultants and/or experts;

  I. To receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

  J. To perform such other duties as may be expressly authorized by further order of this Court.

IT IS SO ORDERED.

DATED: 01/14/2010

                /s/Thomas W. Thrash
                Hon. Thomas W. Thrash, Jr.
                U.S. District Judge
                U.S District Court
                Northern District of Georgia