IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE IMMUCOR, INC.<br>SECURITIES LITIGATION | CIVIL ACTION FILE<br>NO. 1:09-CV-2351-TWT |

ORDER

This is a securities fraud action.  It is before the Court on the Plaintiff's Motion for Reconsideration [Doc. 111], which is DENIED.

I. Introduction

Immucor supplies hospital blood banks, clinical laboratories, and blood donation centers with blood reagents.  The Plaintiff alleges that Immucor made false and misleading statements regarding its compliance with FDA regulations and its participation in an illegal price-fixing scheme in violation Section 10(b) of the Securities Exchange Act of 1934.  The Court dismissed the FDA-related claims based on the Plaintiff's failure to adequately plead actual economic loss or loss causation. The Plaintiff now moves for reconsideration.

II. Motion for Reconsideration Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment.  See Fed. R. Civ. P. 59(e).  "The decision

to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Group Corp., 753 F.2d 862, 866 (11th Cir. 1984)).  The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration.  Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."  L.R. 7.2E.  A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."  Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).  Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an

improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.")

## III.   Discussion

The Court held in its June 30 order that the Plaintiff failed to adequately plead economic loss and loss causation because Immucor's share price quickly rebounded to pre-disclosure levels after each of the FDA-related disclosures. The Plaintiff argues that this conclusion reflects a clear error of law. The Court disagrees. In Ross v. Walton, 668 F. Supp. 2d 32 (D.D.C. 2009), the plaintiffs in a securities fraud case alleged that they suffered an economic loss when the company's stock price dropped immediately following a corrective disclosure. In response, the defendants showed that the company's stock had returned to the pre-disclosure trading price shortly after the class period ended. The court dismissed the case, explaining that it was "unaware of any authority in which actual economic loss was found when the stock value returned to pre-disclosure prices and could have been sold at a profit just after the

class period." <u>Id.</u> at 43.  Likewise, in <u>Malin v. XL Capital Ltd.</u>, No. 3:03-cv-2001, 2005 WL 2146089 (D. Conn. Sept. 1, 2005), the court held that the plaintiffs had not adequately plead loss causation where the defendant's stock price, which fell immediately following a corrective disclosure, rebounded to pre-disclosure levels shortly thereafter.  The court explained that "a price fluctuation without any realization of an economic loss is functionally equivalent to the Supreme Court's rejection [in <u>Dura</u>] of an artificially inflated purchase price alone as economic loss." <u>Id.</u> at *4.

The Plaintiff attempts to distinguish <u>Ross</u> and <u>Malin</u> by noting that the stock price in those cases rebounded to a level at or above the plaintiffs' purchase price.  But given the many factors that can affect share price, contrasting the price immediately before the corrective disclosure (even if it is below the purchase price) and the price shortly thereafter provides the most relevant comparison for evaluating whether the stock price dropped significantly following the corrective disclosure and whether the disclosure caused the drop in price.

The Plaintiff also argues that the Court erred by requiring the Plaintiff to allege a post-disclosure sale.  But the Court imposed no such requirement.  Although the Court did note that the Plaintiff did not allege a post-disclosure sale, that was not the basis of its decision.  As noted above, the Court dismissed the FDA-related claims

because Immucor's share price quickly rebounded to pre-disclosure levels after each of the FDA-related disclosures, not because the Plaintiff did not allege a post-disclosure sale.  Finally, the Plaintiff argues that the Court made a factual error by concluding that the Plaintiff did not sell any shares after the June 2009 disclosure, and requests leave to amend its complaint to reflect its post-disclosure sales.  However, for the reasons addressed above, any such sales are immaterial and do not entitle the Plaintiff to reconsideration.  The amendment would be futile.

IV.   <u>Conclusion</u>

For the reasons listed above, the Plaintiff's Motion for Reconsideration [Doc. 111] is DENIED.

SO ORDERED, this 29 day of August, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge